IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OSCAR PRENTICE McDOWELL,
    Plaintiff,

vs.                                        5:09cv31/MCR/MD

EDWARD HAM, CHIEF JIMMY SMITH,
OFFICER JAMES ANDREWS AND
ROSCOE RABON,
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff, then an inmate at the Jackson County Correctional Facility ("JCCF"), initiated this cause through the filing of a civil complaint and motion to proceed *in forma pauperis* on February 2, 2009. In accordance with standard court procedure, a "Memorandum to Pro Se Litigants" was sent to plaintiff on February 5, 2009. (Doc. 3). Plaintiff was directed to file a second amended complaint (doc. 9), and a letter motion from plaintiff was denied on a deficiency order. (Doc. 10). Copies of the latter motion were mailed to plaintiff at his address of record (JCCF), and to the address written on the envelope that had contained the motion, the Houston County Jail. (Doc. 12). Documents 9 and 10 were returned as undeliverable, as plaintiff was "out of jail." (Doc. 15 & 17). The clerk then resent document 9 to the Houston County Jail address indicated on the envelope containing the letter motion, and the docket was amended to reflect this address. Plaintiff filed a second amended complaint and the court directed him to provide service copies. (Doc. 18 & 20). After some difficulty, plaintiff eventually paid for the clerk to make service copies for him (doc. 21, 22, 23, 24 & 25) and the court ordered that the complaint be served on the four defendants.

(Doc. 26). Ultimately, all of the defendants were served. Defendant Ham filed a motion to transfer the case to the Panama City Division and an Answer on September 3 (doc. 30), and defendants Smith and Andrews filed a joint motion to dismiss on October 23, 2009. (Doc. 35). On October 27, 2009, the court entered an order indicating that if plaintiff wished to oppose either motion, he should respond within 30 days. (Doc. 36). This order was returned as undeliverable. (Doc. 39). Likewise, the court's case management and scheduling order (doc. 38), entered after the final defendant was served, was also returned as undeliverable on November 16, 2010. (Doc. 41).

On November 18, 2009, this court entered a recommendation that the case be dismissed without prejudice due to plaintiff's failure to keep the court apprised of his current address and failure to prosecute. (Doc. 42). When shortly thereafter the court received several deficient documents from the plaintiff, including a notice of change of address, on November 24, 2009 it sua sponte entered an order in which it vacated its prior recommendation, directed the clerk to send plaintiff another copy of the case management and scheduling order, directed defendants Smith and Andrews to re-serve a copy of their motion to dismiss on plaintiff at his new address, and directed plaintiff to file his response to the motion within thirty days. (Doc. 45). On December 17, 2009 plaintiff's motion to begin discovery and interrogatories of defendants was returned to him as deficient. (Doc. 49).

By January 20, 2010 the court still had not received a response from the plaintiff. The court entered an order in which it noted that based on plaintiff's lack of response, as well as the content of the pending motion to dismiss, which claimed both that venue was improper and that there was no personal jurisdiction over the moving defendants, it was possible that plaintiff had abandoned his cause in this court in order to pursue it in another forum. It thus ordered plaintiff to file, within fourteen days, a "notice of intent to proceed" indicating that he had not abandoned the case. (Doc. 50). This order, which was sent to plaintiff at the new address he had provided in November, was returned marked "return to sender." Two more weeks elapsed with nothing filed by the plaintiff. The court then entered an order directing the plaintiff to show cause within seven days why this case

should not be dismissed for his failure to prosecute and failure to comply with an order of the court. An additional two weeks have elapsed with no word from the plaintiff.

The Pro Se Memorandum sent to all pro se litigants at the commencement of their cases advises in pertinent part:

> 6. Throughout this case, you are required to advise the Clerk's Office **in writing** of any change in your mailing address by filing a Notice of Change of Address. As stated in paragraph 3, you should send copies to the opposing parties or their attorney(s) and include a certificate of service. You will be notified as soon as any action is taken in your case. This office will mail to you a copy of every order entered by the Judge or the Magistrate Judge.

Therefore, plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case. He was also advised that orders entered by the Judge or Magistrate Judge in this case would be mailed to him. Thus the importance of keeping the court informed as to his current whereabouts should have also been obvious to him, even before the court's first Report and Recommendation in which it was recommended that his case be dismissed for his failure to do so.

Regardless of plaintiff's pro se status, it is his responsibility to ensure the timely progression of his case, at minimum by ensuring the court and the defendants have his current address and by timely responding to motions that are filed. It is a poor use of judicial resources to contend with "non-litigating" or "disappearing" plaintiffs, and such parties place a unnecessary additional burden on parties trying to defend against such an action. Because over three months have elapsed since plaintiff was last directed to respond to the motion filed by defendants Smith and Andrews, over two and a half months have elapsed since plaintiff last attempted to file anything with the court, and at least one pleading sent to plaintiff's last known address was marked "returned to sender," dismissal of this action without prejudice is now appropriate.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's failure to keep the court apprised of his current address and failure to prosecute this action, and all pending motions be denied as moot.

At Pensacola, Florida, this 3rd day of March, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).